UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


EDDIE COLEMAN,              ) 1:11CV0161
                        )
        Petitioner       )
                        )
        v.               ) JUDGE JAMES S. GWIN
                        ) (Mag. Judge Kenneth S. Mchargh)
                        )
MAGGIE BEIGHTER,      )
        Warden,        )
                        )
                        )
        Respondent     ) REPORT AND
                        ) <u>RECOMMENDATION</u>


McHARGH, MAG. JUDGE

      The petitioner Eddie Coleman ("Coleman") has filed a petition pro se for a writ of habeas corpus, arising out of his 2008 conviction for drug possession and drug trafficking, in the Cuyahoga County (Ohio) Court of Common Pleas.  (Doc. 1.) In his petition, Coleman raised four grounds for relief:

    1.  Petitioner's Fourth Amendment claim of illegal search and seizure did not receive a full and fair opportunity to litigate his Fourth Amendment claim before the state court.

    2.  Petitioner received ineffective assistance of counsel in violation of his Sixth Constitutional Amendment [rights] when appellate counsel James R. Willis failed to properly argue the petitioner's Fourth Amendment violation.

    3. Petitioner received ineffective assistance of counsel in violation of his Sixth Constitutional Amendment [rights] when appellate counsel James R. Willis failed to properly argue the petitioner's denial of confidential reliable informant identity.

4. Petitioner received ineffective assistance of counsel in violation of his Sixth Constitutional Amendment [rights] when appellate counsel James R. Willis failed to raise the allied offense on petitioner's direct appellate review.[1]

(Doc. 1, § 12.)

Coleman had moved to stay his petition (doc. 4), as relevant state court proceedings were still underway, and the court dismissed his petition, without prejudice to reopen. (Doc. 5.) Coleman subsequently filed a motion to reopen his case (doc. 6), which was granted by the court. (Doc. 7.) In his motion to reopen, Coleman withdrew the fourth ground for relief. (Doc. 6, at 1.)

The respondent has filed a Return of Writ (doc. 20), and Coleman filed a response (doc. 26).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The state court of appeals set forth a lengthy factual and procedural background, of which, relevant portions follow:

On August 17, 2007, Coleman was indicted on the following four counts: possession of drugs (count 1), drug trafficking (count 2), possession of drugs (count 3), and possessing criminal tools (count 4).

Coleman, who was driving a black GMC Sierra, Ohio license plate DVU8000, was arrested on May 31, 2007, in the driveway at 1753 Strathmore Avenue (Strathmore), in East Cleveland, Ohio, as two search warrants were being simultaneously executed by Cleveland police narcotics detectives. One search warrant had been obtained for

---

[1] Coleman has withdrawn this fourth ground for relief. (Doc. 6, at 1.)

2

the residence on Strathmore; the second search warrant had been
obtained for the residence at 1957 Revere Road, Cleveland Heights,
Ohio (Revere). The search warrants were obtained as a result of an
investigation of Coleman during the month of May 2007.

On September 21, 2007, Coleman filed a motion to suppress and for
the return of illegally seized property. His motion challenged the
statements contained in the two affidavits in support of the search
warrants made by the affiant, a narcotics detective who had signed
and subscribed both affidavits. The detective stated in the affidavits
that "after a brief period of time a gold-colored Cadillac Escalade truck
with Ohio license plates ECF7159" arrived at 1753 Strathmore.

In support of his motion to suppress, Coleman offered his own affidavit
in which he stated that "[he] is the defendant herein. * * * [he] owns a
'gold colored Cadillac Escalade truck,' as alleged in the affidavit * * *
for 1753 Strathmore Avenue in East Cleveland, Ohio." He further
stated, "I do hereby deny this vehicle had, on the dates indicated as to
when the alleged sale occurred, any license plates on it other than the
30-day tag-issued for the [sic] it." Lastly, he stated that "[t]he upshot of
the thrust of this affidavit is that the affiant is less then [sic] honest
when he alleges my 'gold colored Escalade,' while bearing the indicated
license plates, was involved in a drug transaction."

On October 15, 2007, Coleman filed a motion for production of alleged
informant and a motion for a Franks hearing. On the same day, the
State filed its response to Coleman's motion to suppress and for the
return of illegally seized property. Coleman filed his reply to the
State's response to defendant's motion to suppress on November 1,
2007.

In Coleman's reply, he included an affidavit from an agent of Central
Cadillac, which stated that Central Cadillac's records indicate that
Coleman picked up his plates for the 2007 Escalade, VIN
1GYFK63887R356625, Plates ECF7159, on June 8, 2007. Also in the
reply brief is an affidavit executed by Coleman, in which he stated
"Eddie Coleman, the Defendant, hereby by this writing swears, and
avers, that contrary to the statements in the affidavits relied on for the
issuance of warrants to search homes at 1753 Strathmore Avenue,
East Cleveland, and 1957 Revere Road, Cleveland Heights, Ohio, in
which it was said that he had operated a motor vehicle bearing license
plates ECF7159 within 72 hours of May 25, 2007, is totally false.
Indeed as these statements in the affidavits to the contrary

3

notwithstanding, the facts will show the license plates ECF7159, although issued for him, i.e., Eddie Coleman, on May 22, 2007, were not placed on the vehicle before June 8, 2007. This was the day they were retrieved by him from Central Cadillac."

On November 20, 2007, the court conducted a hearing at which it adopted the State's position that there was no need for an evidentiary hearing on Coleman's motions. The trial court determined that, according to Ohio cases interpreting the seminal case of Franks, there was no need for an evidentiary hearing if, after excluding material in the affidavit alleged to have been false, remaining portions of the affidavit established probable cause to search.

Coleman argued that he could not have been operating a vehicle with the license plates set forth in the affidavits executed by the narcotics detective because he did not pick up his permanent license plates, ECF7159, until June 8, 2007. Coleman further argued that the portion of the affidavits containing the statement from the confidential reliable informant (CRI) that he [Coleman] was involved in a drug transaction when operating a particular Cadillac was also false. Coleman unsuccessfully argued that his statements in the affidavit warranted an evidentiary hearing under Franks.

The court stated on the record its ruling on that portion of Coleman's motion seeking to suppress the search of the two residences and the property seized therein based on the statements in the search warrants as follows:

> "THE COURT:
> And the motion to suppress that the search-based upon the search warrant is denied. With respect to some kind of an illegal arrest argument, I'm going to ask the counsels [sic] to brief that and go ahead and set a hearing.
> I'll have you pick a date with my bailiff that comports with both your schedules[,] but the motion to suppress the search based upon the warrant is denied. The Court has reviewed the warrant and there's sufficient probable cause.
> MR. WILLIS:
> We're asking under Rule 12(F) that the Court articulate whatever findings that it deems to be appropriate in connection with its denial of the motion.
> THE COURT:

4

> Counsels [sic] could feel free to submit proposed findings
> of fact and conclusions of law for the Court to review, and
> the Court can issue same at that time." (Tr. 13-14.)

A review of the record reveals that neither the court nor the parties
supplied any findings of fact and conclusions of law specifically related
to the court's ruling at the November 20, 2007 hearing.

In addition to the brief ruling on the record summarized above, the
court also issued the following journal entry on November 20, 2007,
filed November 27, 2007:

> "Defendant's motion to suppress search warrant based on
> search warrant, filed 9-21-2007, is denied. Hearing on
> Defendant's motion to proceed as to arrest and search
> incident to arrest set for hearing."

Although the journal entry of the court does not reflect this, the
production of alleged informant, for a Franks hearing, and for the
return of seized property.

On January 16, 2008, the trial court had a hearing on the balance of
Coleman's motion to suppress filed September 21, 2007. The court's
entry of January 16, 2008, states:

> "DEFENDANT IN COURT. COUNSEL JAMES R.
> WILLIS PRESENT. PROSECUTOR(S) STEVEN GALL
> PRESENT. TRIAL SET FOR 1/28/2008 AT 9:00 A.M.
> MOTION TO SUPPRESS HEARING HELD 1/16/2008.
> DEFENDANT'S MOTION TO SUPPRESS THE SEARCH
> INCIDENT TO ARREST, FILED 9-21-07 IS DENIED. * *
> *."

At the conclusion of the January 16, 2008 hearing, Coleman's counsel
requested findings of fact and conclusions of law pursuant to Crim.R.
12(F). The trial court instructed the prosecutor to prepare same. The
prosecution submitted findings of fact, which were signed by the trial
court. The following findings of fact were filed on January 22, 2008:

> "This matter came on for hearing on the 16th day of
> January 2008 on defendant's Motion to Suppress. Upon
> due consideration of the testimony and evidence
> submitted, the Court makes the following findings:
> That at the time of defendant's arrest, members of the
> Cleveland Police were executing a valid search warrant
> (State's Exhibit # 1). The Court further finds that the

5

> Search Warrant specifically authorized the officers to
> make a search of the subject residence as well as ' * * * it's
> [sic] curtilage, common and storage areas, vehicles on the
> premises and any person present therein.' (Emphasis
> added.)
> The Court further finds that at the time of his arrest, the
> defendant was in a vehicle which had just pulled in the
> driveway of the subject premises and had parked the
> vehicle next to the building located thereon. The Court
> further finds that as Lt. Connelly approached the
> passenger side of defendant's vehicle, he could see what
> he recognized to be the outline of a kilogram of cocaine in
> what Lt. Connelly thought was defendant's right front
> pants pocket. When the defendant was removed from the
> vehicle the suspected kilogram of cocaine slid down inside
> defendant's sweat pants to his ankle area where it was
> recovered by police. The recovered cocaine was submitted
> for scientific testing and was found to be cocaine with a
> weight of 992.6 grams (which is just under a kilogram).
> Accordingly, defendant's Motion to Suppress is denied."

The trial court, having received a jury waiver from Coleman, proceeded
to a bench trial on January 28, 2008. Coleman was convicted of all
counts. The trial court, on that same date, immediately proceeded to
sentencing and imposed a total sentence of eighteen years in prison as
follows: eight years on count one, drug possession involving close to a
kilo of cocaine, and ten years on count two, drug trafficking in cocaine,
with the sentences to run consecutive to each other; six months on
count three, possession of cocaine involving less than ten grams, and
twelve months on count four, possessing criminal tools, with the
sentences to run concurrent to each other and concurrent to counts one
and two.

The trial court did not rule on the State's petition for forfeiture of
seized contraband filed on August 16, 2007. A review of the record and
the docket entries of the court reveals that the court did not address
the disposition of seized contraband taken from the two premises or
the person of Coleman on May 31, 2007.

[On appeal,] Coleman does not challenge the sufficiency of the evidence
relating to these convictions. Rather, he challenges the trial court's
denial of his motion to suppress and to return seized evidence obtained
from what he contended were two invalid search warrants.

6

(Doc. 20, RX 20 at 1-8; *State v. Coleman*, No. 91058, 2009 WL 866896, at *1-*4

(Ohio Ct. App. Apr. 2, 2009).)


## A.  Direct Appeal

Coleman filed a timely direct appeal, which raised the following five

assignments of error:

> 1.  The court erred when it denied the appellant's "Motion to suppress
> and for the return of illegally seized property."
>
> 2.  The court erred by inferentially finding (if it did) the seizures made
> here of non-contraband property (ostensibly as evidence) was justified
> by probable cause to believe such property could be related to the only
> criminal offense alleged in the affidavit -- one solitary drug sale.
>
> 3.  The court erred when it denied (without a hearing and thus without
> make any factual findings) the defendant's motion for the Franks
> hearing and for the disclosure of the identity of the so-called source.
>
> 4.  Due process is denied an accused when a trial court summarily
> denies a motion to suppress for the return of illegally seized property,
> and in so doing, either refuses or simply fails to comply with Rule
> 12(F), Rules of Criminal Procedure.
>
> 5.  Lacking any factual and legal determinations, and given an accused
> does not have the burden of disproving the lawfulness of the seizures of
> his personal property from him -- ostensibly as evidence, it follows the
> court erred when it refused to order all non-contraband property
> (seized as evidence) returned to the appellant.

(Doc. 20, PX 16.)  The court of appeals affirmed in part, and reversed in part, the

judgment of the trial court.  The fifth assignment of error was granted in part:

Certain items of seized property were ordered returned to Coleman.  (Doc. 20, RX 20, at 46-47; *Coleman*, 2009 WL 866896, at \*22-\*23.)

Coleman filed a motion for reconsideration (doc. 20, RX 21), which was denied (doc. 20, RX 22.)

Coleman then appealed to the Supreme Court of Ohio, presenting the following four propositions of law:

> 1.  Where there is no indication as to the basis of an alleged source's information, absent any showing this alleged person spoke on the basis of first-had knowledge, his statements are worthless; hence, they cannot be credited (by a reviewing court) as being factual and then imputed to the trial judge, or otherwise credited and relied on, as being dispositive.
>
> 2.  In order to establish probable cause to support a search warrant, the proof must establish a nexus between the place to be searched and the particularized evidence sought.
>
> 3.  Given that statements made by the affiant were proven to be false, and given the alleged source (if he exists) would have seen the appellant in the described vehicle and could verify whether (or not) he told the affiant anything, including whether he spoke on the basis of first-hand knowledge, it follows the trial court was required before summarily denying a motion that sought the disclosure of the identity of an alleged source to make the relevant findings of fact.
>
> 4.  Due process requires the trial court to articulate a determination resolving the mixed question of law and fact as to whether probable cause existed for the issuance of the search warrant.

(Doc. 20, RX 24.)  The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Sept. 30, 2009.  (Doc. 20, RX 25; *State v. Coleman*, 123 Ohio St.3d 1407, 914 N.E.2d 205 (2009).)

<u>B.  Rule 26(B) Motion to Re-Open</u>

Coleman filed an application pro se to reopen his appeal, pursuant to Ohio

App. Rule 26(B), on July 10, 2009.  The application was based on four[2] grounds

which appellate counsel should have raised, specifically:

> 1.  Trial court errored and prejudice the appellant, When the Court
> denied the Appellant Rule 29 Motion because evidence admited at
> Trial is against the Manifest Weight of evidence and the evidence is
> insufficient to support the conviction beyond a reasonable doubt
> violation of U.S. Constitutional Right Amendment 14.
>
> 2.  Appellant was represented by Ineffective Assistance of Trial
> Counsel during his Trial in violation of his United States
> Constitutional Rights Amendments 6, 4, and 5, 14.
>
> 3.  State's Prosecution Misconduct, When the Prosecution Withheld
> Evidence from the Defense Before and During The Appellant Trial, In
> violation of the Appellant United States Constitutional Right
> Amendment 14.
>
> 4.  The State's Prosecution violated the Appellant United States
> Constitutional Rights Amendment 6 and 14.

(Doc. 20, RX 26, at 6, 9, 10, 11.)

The state court of appeals found that Coleman had failed to demonstrate

ineffective assistance of counsel, and denied his application.  (Doc. 20, RX 29; *State*

*v. Coleman*, No. 91058, 2009 WL 3478318 (Ohio Ct. App. Oct. 27, 2009).)  Coleman

---

[2]  The court of appeals also found that Coleman set forth a fifth assignment of
error, through his reference that "Appellate Counsel omitted obvious issues on the
face of the record on appeal."  (Doc. 20, RX 29, at 6; *Coleman*, 2009 WL 3478318, at
*3; see doc. 20, RX 26, at 12.)

filed a motion for reconsideration (doc. 20, RX 30), which was denied (doc. 20, RX 31.)

Coleman then appealed to the Supreme Court of Ohio, presenting the following four propositions of law:

> 1. Trial court errored and prejudice the appellant when the court denied the appellant rule 29 motion because evidence admited at trial is against the manifest weight of evidence and the evidence is insufficient to support the conviction beyond a reasonable doubt in violation of the appellant united states constitutional rights amendments 4 5 6 and 14.
>
> 2. Appellant was represented by ineffective assistance of trial counsel during his trial in violation of the appellant united states constitutional right amendment 4 5 6 and 14.
>
> 3. State prosecution withheld evidence most favorable to the defense before and during trial in violation of the appellant united states constitutional rights amendment 4 5 6 and 14 under Brady v State of Maryland 83 S.CT. 1194,
>
> 4. State's prosecution violated the appellant united states constitutional right confrontational clause amendments 5 6 and 14.

(Doc. 20, RX 33.)  The Ohio Supreme Court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question, on Jan. 27, 2010.  (Doc. 20, RX 34; *State v. Coleman*, 124 Ohio St.3d 1446, 920 N.E.2d 375 (2010).)

## C.  Motion to Vacate or Modify Sentence

Coleman next filed a "Motion to Vacate or Modify Illegal and Improper Sentence," on June 8, 2010.  His motion was based on two arguments:  (1) he was

10

illegally sentenced to consecutive sentences for allied offenses, and, (2) he was not adequately advised of post-release control at sentencing.  (Doc. 20, RX 35.)  The trial court denied his motion.  (Doc. 20, RX 37.)  Coleman filed a Rule 60(B) motion for relief of judgment (doc. 20, RX 38), which was also denied by the trial court. (Doc. 20, RX 39.)

Coleman appealed the determination that his Rule 60(B) motion was untimely, and the denial of his motion to vacate or modify his sentence.  (Doc. 20, RX 44.)  Based on an intervening decision of the Supreme Court of Ohio, the State recommended that Coleman be resentenced.  (Doc. 20, RX 47.)  The court of appeals then vacated his sentence, and remanded for resentencing.  (Doc. 20, RX 48.)

The trial court then sentenced him to an aggregate term of eight years imprisonment, on May 31, 2012.  (Doc. 20, RX 51.)

### D.  Federal Habeas Petition

Coleman originally filed his petition for a writ of habeas corpus in this court in January 2011.  (Doc. 1.)  The respondent concedes that the petition was timely filed.  (Doc. 20, at 14.)  Because Coleman had not exhausted his state remedies, the petition was dismissed without prejudice in March 2011.  (Doc. 5.)  The case was reinstated to this court's docket in August 2012.  (Doc. 6, 7, 9.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Coleman has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  FOURTH AMENDMENT CLAIM

The first ground of the petition is that Coleman did have "a full and fair opportunity" to litigate his Fourth Amendment claims before the state courts.  (Doc. 1, § 12.)  The respondent argues that this claim is not cognizable on habeas review under *Stone v. Powell*, 428 U.S. 465 (1976), because Coleman received all the process he was due.  (Doc. 20, at 17-19.)

The United States Supreme Court held in *Stone v. Powell* that "where the State has provided an opportunity for full and fair litigation of a Fourth

Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Abdul-Mateen v. Hofbauer*, 215 F.3d 1325, 2000 WL 687653, at *3 (6th Cir. 2000) (TABLE, text in WESTLAW), *cert. denied*, 531 U.S. 933 (2000) (quoting *Stone*, 428 U.S. at 494); *see also Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013); *Moore v. Wilson*, No. 5:07CV0537, 2008 WL 3852141, at *3 (N.D. Ohio Aug. 18, 2008).  Although *Stone* predates the AEDPA, it continues to govern Fourth Amendment habeas claims.  *Smith v. Bradshaw*, No. 5:04CV1235, 2006 WL 2233211, at *4 (N.D. Ohio Aug. 3, 2006).

In applying *Stone*, the district court considers two factors.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982).  First, does the state provide a procedure which gives the petitioner an opportunity to raise a Fourth Amendment claim?  The Sixth Circuit has ruled that Ohio's procedures are adequate in this regard.  *Riley*, 674 F.2d at 526; *see also Moore*, 2008 WL 3852141, at *7 (citing *Riley*); *Smith*, 2006 WL 2233211, at *4.  Ohio Criminal Rule 12 provides an opportunity to raise Fourth Amendment claims through a pretrial motion to suppress.  *Riley*, 674 F.2d at 526.  A criminal defendant who has unsuccessfully moved to suppress has the opportunity to take a direct appeal of that order.  *Id.*

The second factor is whether presentation of the Fourth Amendment claim was frustrated because of a failure of the state's procedures.  *Riley*, 674 F.2d at 526;

14

*Smith*, 2006 WL 2233211, at *3.  This inquiry is "not meant to be a case by case review of state court determinations."  *Abdul-Mateen*, 2000 WL 687653, at *3. The Southern District of Ohio recently noted:

> Courts have consistently held that the "relevant inquiry" in resolving the second question posed in *Riley* is whether the "habeas petitioner had an opportunity to litigate his claims, not whether he in fact did so or even whether the Fourth Amendment claim was correctly decided" by the state courts.

*Graham v. Warden, Chillicothe Corr. Inst.*, No. 1:10CV616, 2011 WL 3941615, at *6 (S.D. Ohio July 22, 2011); *see also Abdul-Mateen*, 2000 WL 687653, at *3 (inquiry is review of whether state provided adequate mechanism to address Fourth Amendment claims).  An independent and adequate state procedural ground may legitimately serve to frustrate a petitioner's opportunity to raise a Fourth Amendment claim.  *Riley*, 674 F.2d at 526 n.3.

Coleman had the opportunity to raise his Fourth Amendment claims through the procedures provided by the State of Ohio, as set forth above.  Coleman filed a motion to suppress, and the court held a hearing on the motion.  (Doc. 20, RX 5, 9-11.)  Coleman also included the trial court's denial of his motion to suppress among his assignments of error on appeal.  (Doc. 20, RX 16, 24.)

Coleman contends that a state "does not afford a defendant a full and fair opportunity to litigate the validity of a search under the Fourth Amendment when the state courts fail to make essential findings of fact."  (Doc. 1, memorandum in support, at 7, citing *Tukes v. Dugger*, 911 F.2d 508, 513-514 (11th Cir. 1990); *see*

15

*also* doc. 26, at 2.)  In *Tukes*, the 11th Circuit ruled that, although the state court had given the petitioner "a full and fair evidentiary hearing," the trial court failed to make "explicit findings" on certain essential matters, and the state appellate court issued "only a summary affirmance," thus the court could not deem the claim to have been fully considered.  *Tukes*, 911 F.2d at 514.  This is definitely a minority approach, and this court will not follow it.

In *Good v. Berghuis*, the Sixth Circuit recognized that the kind of "opportunity" contemplated by *Stone v. Powell* has been the subject of debate. *Good*, 729 F.3d at 638.  The court noted that "[s]ome courts have focused on the adequacy of the procedure, sometimes even the application of the procedure," used by the state court to resolve the claim.  *Good*, 729 F.3d at 639 (citing *Tukes* and other cases).  The Sixth Circuit rejected this approach:  ". . . we make clear that the *Powell* 'opportunity for full and fair consideration' means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim."  *Good*, 729 F.3d at 639; *see also Mahan v. Bunting*, No. 1:13CV0165, 2014 WL 1153444, at *12 (N.D. Ohio Feb. 3, 2014) (quoting *Good*).

The Sixth Circuit stated that the majority approach simply asks:  "Did the state courts permit the defendant to raise the claim or not?"  *Good*, 729 F.3d at 640; *see also Mahan*, 2014 WL 1153444, at *12.  The court applied that test to the case before it, thus:

16

> Good could, indeed did, present his suppression motion to the state
> trial court, and the trial court rejected it.  He presented it again to the
> state appellate court, and the appellate court rejected it once more.
> That suffices to preclude review of the claim through a habeas corpus
> petition under *Stone v. Powell*.

*Good*, 729 F.3d at 640.  Coleman's claim received the same review from the state courts.  An alleged failure "to make essential findings of fact" will not bring Coleman's Fourth Amendment claim into the ambit of habeas review.

Coleman argues that the court should review his Fourth Amendment claim because "the state court has not articulated its reasoning."  (Doc. 26, at 2-3, citing *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003), and *Harris v. Stovall*, 212 F.3d 940, 943 (2000).)  The state court decision which is under review is that of "the last state court to issue a reasoned opinion on the issue," which in this case was the Ohio Court of Appeals, rather than the trial court.  *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006), *cert. denied*, 549 U.S. 1280 (2007) (citing cases); *see also Jones v. Murphy*, 694 F.3d 225, 239 n.5 (2d Cir. 2012); *Miles v. Ryan*, 691 F.3d 1127, 1136 (9th Cir. 2012) ("last reasoned decision"); *Gagne v. Booker*, 680 F.3d 493, 511-512 (6th Cir. 2012) (en banc), *cert. denied*, 133 S.Ct. 481 (2012) (last state court decision adjudicated on merits); *Simmons v. Beard*, 590 F.3d 223, 231-232 (3d Cir. 2009).  The court of appeals provided a lengthy and detailed analysis of Coleman's Fourth Amendment claims.  *See generally* doc. 20, RX 20; *Coleman*, 2009 WL 866896.

The petition should not be granted on the basis of the first ground.

17

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The second and third grounds of the petition both allege ineffective

assistance of appellate counsel:

> 2.  Petitioner received ineffective assistance of counsel in violation of his Sixth Constitutional Amendment [rights] when appellate counsel James R. Willis failed to properly argue the petitioner's Fourth Amendment violation.
>
> 3. Petitioner received ineffective assistance of counsel in violation of his Sixth Constitutional Amendment [rights] when appellate counsel James R. Willis failed to properly argue the petitioner's denial of confidential reliable informant identity.

(Doc. 1, § 12.)

The respondent concedes that Coleman raised these claims in his Rule 26(B)

application.  (Doc. 20, at 28.)  However, the respondent contends that the state court

properly ruled on his ineffective assistance claim(s).  (Doc. 20, at 32.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is

the right to effective assistance of counsel."  *Joshua v. DeWitt*, 341 F.3d 430, 437

(6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)).  A

criminal appellant is constitutionally entitled to the effective assistance of counsel

in his direct appeal, as well as at trial.  *Evitts v. Lucey*, 469 U.S. 387 (1985).

The Sixth Circuit discussed the general standard for ineffective assistance of

counsel in *Monzo v. Edwards*:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant.  Review of counsel's

18

performance is highly deferential and requires that courts "indulge a
strong presumption that counsel's conduct falls within a wide range of
reasonable professional assistance."  To establish prejudice, the
defendant "must show that there is a reasonable probability that, but
for counsel's unprofessional errors, the result of the proceeding would
have been different.  A reasonable probability is a probability sufficient
to undermine confidence in the outcome."

*Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted).

*See generally Strickland v. Washington*, 466 U.S. 668, 689 (1984) (two-part test).

In the habeas context, this court considers petitioner's ineffective assistance

claim "within the more limited assessment of whether the state court's application

of Strickland to the facts of this case was objectively unreasonable."  *Washington v.*

*Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has affirmed that this court must approach the state

court's rulings in a highly deferential manner.  The Supreme Court stated in

*Harrington v. Richter* that the "pivotal question" of whether the state court's

application of *Strickland* standard was unreasonable is different from simply

deciding whether counsel's performance fell below *Strickland*'s standard.

*Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).  The focus on habeas review is "not

whether counsel's actions were reasonable," rather, the question is "whether there

is any reasonable argument that counsel satisfied *Strickland*'s deferential

standard."  *Richter*, 131 S.Ct. at 788.

The Court in *Richter* instructed that the petitioner must show that the ruling

of the state court "was so lacking in justification that there was an error well

19

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S.Ct. at 786-787; *see also Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), *cert. denied*, 132 S.Ct. 2376 (2012) (quoting *Richter*).  The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so.  *Id.* at 786; *see also Montgomery*, 654 F.3d at 676.

Coleman responds to the respondent's argument, that the state court had properly ruled on his ineffective assistance claims, by arguing that appellate counsel was ineffective in pursuing the claim that the trial court had improperly denied his request for the identity of a confidential informant.  (Doc. 26, at 3-4.)

In his Rule 26(B) application, Coleman complained that, because the prosecution withheld the identity of the confidential informant, he was unable to call this person as a witness, and was denied his rights under the Confrontation Clause.  (Doc. 20, RX 26, at 11-12.)  He argued that there was no legitimate reason that counsel had not raised this obvious constitutional claim on direct appeal.  *Id.* at 12.

The court of appeals addressed this claim in ruling on Coleman's Rule 26(B) application:

> Coleman . . . argues that he was prejudiced by the failure of trial counsel to obtain the name of the confidential informant and to call the confidential informant as a witness.  Coleman has not demonstrated any prejudice that resulted from the non-disclosure of the confidential informant's name.  In addition, Coleman has failed to demonstrate that he was prejudiced by the inability to "confront" the confidential

20

> informant during the course of trial.  Coleman has once again failed to
> demonstrate ineffective assistance of appellate counsel.

(Doc. 20, RX 29, at 5; *Coleman*, 2009 WL 3478318, at *3.)  To demonstrate

ineffectiveness, as outlined earlier, Coleman must not only show counsel's

performance was faulty, but also that "counsel's errors were so serious as to

prejudice the defendant."  *Monzo*, 281 F.3d at 579.  The state court found that the

prejudice factor had not been established.

This court does not find that the state court's application of *Strickland* to the

facts of this case was objectively unreasonable.  *Washington*, 228 F.3d at 702; *see*

*also Harrington v. Richter*, 131 S.Ct. 770.

The petition should not be granted on the basis of the second or third

grounds.


RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:   May 20, 2014            /s/ Kenneth S. McHargh
                                 Kenneth S. McHargh
                                 United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with

the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's

21

order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).