UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

EDDIE COLEMAN,

          Petitioner,

vs.

MAGGIE BEIGHTER, Warden,

          Respondent.

------------------------------------------------------

:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 1:11-CV-161


ORDER & OPINION
[Resolving Doc. No. 1, 31, 32 ]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Eddie Coleman petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Magistrate Judge McHargh recommends that Coleman's petition be denied.[1]  Petitioner objects to Judge McHargh's recommendation.

      In support of his petition, Petitioner Coleman says the state trial court (1) failed to provide him an adequate opportunity to challenge a search and seizure and (2) that he was denied effective assistance of counsel.[2]

      Consistent with 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* those portions of the Report and Recommendation (R&R) to which Petitioner Coleman objected.  The Court concludes that the state court did not violate clearly established federal law, **ADOPTS** the R&R, and **DENIES** Coleman's petition.

### I.  Factual and Procedural Background

      In habeas corpus proceedings from state convictions, factual determinations made by the state

---

[1]/Doc. 28 at 21.

[2]/Doc. 31; Doc. 32.

Case No. 1:11-CV-161
Gwin, J.

courts are presumed correct.[3/]   The Ohio Court of Appeals summarized the facts as follows:

> On August 17, 2007, Coleman was indicted on the following four counts: possession of drugs (count 1), drug trafficking (count 2), possession of drugs (count 3), and possessing criminal tools (count 4).

> Coleman, who was driving a black GMC Sierra, Ohio license plate DVU8000, was arrested on May 31, 2007, in the driveway at 1753 Strathmore Avenue (Strathmore), in East Cleveland, Ohio, as two search warrants were being simultaneously executed by Cleveland police narcotics detectives. One search warrant had been obtained for the residence on Strathmore; the second search warrant had been obtained for the residence at 1957 Revere Road, Cleveland Heights, Ohio (Revere). The search warrants were obtained as a result of an investigation of Coleman during the month of May 2007.

> On September 21, 2007, Coleman filed a motion to suppress and for the return of illegally seized property. His motion challenged the statements contained in the two affidavits in support of the search warrants made by the affiant, a narcotics detective who had signed and subscribed both affidavits. The detective stated in the affidavits that "after a brief period of time a gold-colored Cadillac Escalade truck with Ohio license plates ECF7159 " arrived at 1753 Strathmore.

> In support of his motion to suppress, Coleman offered his own affidavit in which he stated that "[he] is the defendant herein. * * * [he] owns a 'gold colored Cadillac Escalade truck,' as alleged in the affidavit * * * for 1753 Strathmore Avenue in East Cleveland, Ohio." He further stated, "I do hereby deny this vehicle had, on the dates indicated as to when the alleged sale occurred, any license plates on it other than the 30-day tag-issued for the [sic] it." Lastly, he stated that "[t]he upshot of the thrust of this affidavit is that the affiant is less then [sic] honest when he alleges my 'gold colored Escalade,' while bearing the indicated license plates, was involved in a drug transaction."

> On October 15, 2007, Coleman filed a motion for production of alleged informant and a motion for a *Franks* hearing. On the same day, the State filed its response to Coleman's motion to suppress and for the return of illegally seized property. Coleman filed his reply to the State's response to defendant's motion to suppress on November 1, 2007.

> In Coleman's reply, he included an affidavit from an agent of Central Cadillac, which stated that Central Cadillac's records indicate that Coleman picked up his

---

[3/] [28 U.S.C. § 2254(e)(1).](28 U.S.C. § 2254(e)(1).)

Case No. 1:11-CV-161
Gwin, J.

plates for the 2007 Escalade, VIN 1GYFK63887R356625, Plates ECF7159, on June 8, 2007. Also in the reply brief is an affidavit executed by Coleman, in which he stated "Eddie Coleman, the Defendant, hereby by this writing swears, and avers, that contrary to the statements in the affidavits relied on for the issuance of warrants to search homes at 1753 Strathmore Avenue, East Cleveland, and 1957 Revere Road, Cleveland Heights, Ohio, in which it was said that he had operated a motor vehicle bearing license plates ECF7159 within 72 hours of May 25, 2007, is totally false. Indeed as these statements in the affidavits to the contrary notwithstanding, the facts will show the license plates ECF7159, although issued for him, i.e., Eddie Coleman, on May 22, 2007, were not placed on the vehicle before June 8, 2007. This was the day they were retrieved by him from Central Cadillac."

On November 20, 2007, the court conducted a hearing at which it adopted the State's position that there was no need for an evidentiary hearing on Coleman's motions. The trial court determined that, according to Ohio cases interpreting the seminal case of *Franks*, there was no need for an evidentiary hearing if, after excluding material in the affidavit alleged to have been false, remaining portions of the affidavit established probable cause to search.

Coleman argued that he could not have been operating a vehicle with the license plates set forth in the affidavits executed by the narcotics detective because he did not pick up his permanent license plates, ECF7159, until June 8, 2007. Coleman further argued that the portion of the affidavits containing the statement from the confidential reliable informant (CRI) that he [Coleman] was involved in a drug transaction when operating a particular Cadillac was also false. Coleman unsuccessfully argued that his statements in the affidavit warranted an evidentiary hearing under *Franks*.

The court stated on the record its ruling on that portion of Coleman's motion seeking to suppress the search of the two residences and the property seized therein based on the statements in the search warrants as follows:

> "THE COURT:
> And the motion to suppress that the search-based upon the search warrant is denied. With respect to some kind of an illegal arrest argument, I'm going to ask the counsels [sic] to brief that and go ahead and set a hearing.  I'll have you pick a date with my bailiff that comports with both your schedules[,] but the motion to suppress the search based upon the warrant is denied. The Court has reviewed the warrant and there's sufficient probable cause.

Case No. 1:11-CV-161
Gwin, J.

> MR. WILLIS:
> We're asking under Rule 12(F) that the Court articulate whatever findings that it deems to be appropriate in connection with its denial of the motion.
>
> THE COURT:
> Counsels [sic] could feel free to submit proposed findings of fact and conclusions of law for the Court to review, and the Court can issue same at that time."

A review of the record reveals that neither the court nor the parties supplied any findings of fact and conclusions of law specifically related to the court's ruling at the November 20, 2007 hearing.

In addition to the brief ruling on the record summarized above, the court also issued the following journal entry on November 20, 2007, filed November 27, 2007:

> "Defendant's motion to suppress search warrant based on search warrant, filed 9-21-2007, is denied. Hearing on Defendant's motion to proceed as to arrest and search incident to arrest set for hearing."

Although the journal entry of the court does not reflect this, the production of alleged informant, for a *Franks* hearing, and for the return of seized property [were also denied]

On January 16, 2008, the trial court had a hearing on the balance of Coleman's motion to suppress filed September 21, 2007. The court's entry of January 16, 2008, states:

> "DEFENDANT IN COURT. COUNSEL JAMES R. WILLIS PRESENT. PROSECUTOR(S) STEVEN GALL PRESENT. TRIAL SET FOR 1/28/2008 AT 9:00 A.M. MOTION TO SUPPRESS HEARING HELD 1/16/2008. DEFENDANT'S MOTION TO SUPPRESS THE SEARCH INCIDENT TO ARREST, FILED 9-21-07 IS DENIED. * * *."

At the conclusion of the January 16, 2008 hearing, Coleman's counsel requested findings of fact and conclusions of law pursuant to Crim.R. 12(F). The trial court instructed the prosecutor to prepare same. The prosecution submitted findings of fact, which were signed by the trial court. The following findings of fact were filed on January 22, 2008:

> "This matter came on for hearing on the 16th day of January 2008 on

-4-

Case No. 1:11-CV-161
Gwin, J.

> defendant's Motion to Suppress. Upon due consideration of the testimony and evidence submitted, the Court makes the following findings:
>
> That at the time of defendant's arrest, members of the Cleveland Police were executing a valid search warrant (State's Exhibit # 1). The Court further finds that the Search Warrant specifically authorized the officers to make a search of the subject residence as well as ' * * * it's [sic] curtilage, common and storage areas, vehicles on the premises and any person present therein.' (Emphasis added.)
>
> The Court further finds that at the time of his arrest, the defendant was in a vehicle which had just pulled in the driveway of the subject premises and had parked the vehicle next to the building located thereon. The Court further finds that as Lt. Connelly approached the passenger side of defendant's vehicle, he could see what he recognized to be the outline of a kilogram of cocaine in what Lt. Connelly thought was defendant's right front pants pocket. When the defendant was removed from the vehicle the suspected kilogram of cocaine slid down inside defendant's sweat pants to his ankle area where it was recovered by police. The recovered cocaine was submitted for scientific testing and was found to be cocaine with a weight of 992.6 grams (which is just under a kilogram).
>
> Accordingly, defendant's Motion to Suppress is denied."

The trial court, having received a jury waiver from Coleman, proceeded to a bench trial on January 28, 2008. Coleman was convicted of all counts. The trial court, on that same date, immediately proceeded to sentencing and imposed a total sentence of eighteen years in prison as follows: eight years on count one, drug possession involving close to a kilo of cocaine, and ten years on count two, drug trafficking in cocaine, with the sentences to run consecutive to each other; six months on count three, possession of cocaine involving less than ten grams, and twelve months on count four, possessing criminal tools, with the sentences to run concurrent to each other and concurrent to counts one and two.

The trial court did not rule on the State's petition for forfeiture of seized contraband filed on August 16, 2007. A review of the record and the docket entries of the court reveals that the court did not address the disposition of seized contraband taken from the two premises or the person of Coleman on May 31, 2007.[4/]

---

[4/] *State v. Coleman*, 2009 WL 866896, at *1-*4 (Ohio Ct. App. Apr. 2, 2009) (citations omitted).

-5-

Case No. 1:11-CV-161
Gwin, J.

On April 2, 2009, the Eighth District Ohio Court of Appeals affirmed in part and reversed in part.[5/]  The Ohio Supreme Court declined jurisdiction to hear the appeal.[6/]  On October 27, 2009, the Eighth District Ohio Court of Appeals denied Coleman's application to reopen his appeal.[7/]  On January 27, 2010, the Ohio Supreme Court denied Coleman's appeal to reopen.[8/]

Coleman next filed a motion to vacate his sentence, which was denied by the trial court.[9/] Coleman then filed a Rule 60(b) motion for relief of judgment that was also denied by the trial court.[10/] Coleman timely appealed the Rule 60(b) decision to the court of appeals.[11/]  While awaiting appeal, and due to an intervening change in state law, the state recommended Coleman be resentenced.[12/]  The state court of appeals vacated his sentence and remanded for resentencing.[13/]

On January 24, 2011, Coleman timely filed a petition for a writ of habeas corpus in this Court.[14/]  On February 7, 2011, Coleman filed a Motion for Stay and Abeyance, pending a state court decision on the same matter.[15/]  This Court dismissed Coleman's petition without prejudice on March 23, 2011.[16/]  Having now exhausted his state remedies, this Court reinstated Coleman's instant

---

[5/]*Id.* The appeals court reversed in part the trial court's denial to return certain seized property, not at issue here.

[6/]*State v. Coleman*, 2009-Ohio-5031, 123 Ohio St. 3d 1407, 914 N.E.2d 205 (Ohio 2009).

[7/]*State v. Coleman*, 2009-Ohio-5689, 2009 WL 3478318 (Ohio Ct. App. 2009).

[8/]*State v. Coleman*, 2010-Ohio-188, 124 Ohio St. 3d 1446, 920 N.E.2d 375 (Ohio 2009).

[9/]Doc. 20-1 at 951.

[10/]*Id.* at 952.

[11/]*Id.* at 994.

[12/]*Id.* at 1025 ("[T]he State of Ohio would request that this Honorable Court modify the original sentences in this case . . . .").

[13/]*Id.* at 1027. The trial court resentenced Coleman to an aggregate of eight years. *Id.* at 1045.

[14/]Doc. 1.

[15/]Doc. 4.

[16/]Doc. 5.

Case No. 1:11-CV-161
Gwin, J.

petition on August 7, 2012.[17]

 This Court referred the matter to United States Magistrate Judge Kenneth S. McHargh for a for a R&R.[18]  On May 20, 2014, Magistrate Judge McHargh recommended that Coleman's petition for a writ of habeas corpus be denied.[19]  Coleman timely appealed to this Court, objecting to all of relevant portions of the Report and Recommendation.[20]

## II. Legal Standard

### A. Federal Magistrates Act

 The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.[21]  Here, Petitioner Coleman objected to all of Magistrate Judge McHargh's recommendations, and this Court therefore reviews *de novo* the Report and Recommendation in its entirety.

### B. The Antiterrorism and Effective Death Penalty Act

 The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition.  AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States.[22]  AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication:

---

[17]/Doc. 7.
[18]/Doc. 8.
[19]/Doc. 28.
[20]/Coleman filed two separate objections. *See* Doc. 31; Doc. 32.
[21]/28 U.S.C. § 636(b)(1).
[22]/28 U.S.C. § 2254(a).

Case No. 1:11-CV-161
Gwin, J.

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[23/]

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision."[24/]  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[25/]  The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable.[26/]

Where a state court did not adjudicate a federal constitutional claim on the merits, however, AEDPA deference does not apply.[27/]  In such cases, a federal court applies the pre-AEDPA standard of review and reviews questions of law *de novo* and questions of fact for clear error.[28/]

### III.  Analysis

**A.      Fourth Amendment**

---

[23/] 28 U.S.C. § 2254(d).  *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

[24/] *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[25/] *Williams,* 529 U.S. at 413.

[26/] *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

[27/] Evans v. Hudson, 575 F.3d 560, 564 (6th Cir. 2009); *Brown v. Smith*, 551 F.3d 424, 429 (6th Cir. 2008).

[28/] *Evans,* 575 F.3d at 564; *Brown,* 551 F.3d at 430; *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

Case No. 1:11-CV-161
Gwin, J.

As his first ground for relief, Coleman claims that he "did not receive a full and fair opportunity to litigate his Fourth Amendment [search and seizure] [c]laim before the State Court."[29] Specifically, Coleman says that the trial court failed to make "essential findings of fact."[30]  Coleman objects to Magistrate Judge McHargh's finding that his first ground for relief is not cognizable.[31]

In *Stone v. Powell*, the Supreme Court says "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."[32]

A two-part inquiry resolves whether or not *Stone v. Powell* precludes federal habeas review of a Fourth Amendment claim.  First, "the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism."[33]

Petitioner Coleman says that a state "does not afford a defendant a full and fair opportunity to litigate the validity of a search under the Fourth Amendment when the state courts fail to make essential findings of fact."[34]  In support for his argument, he cites to *Tukes v. Dugger*.[35]  In *Tukes*,

---

[29] Doc. 1 at 5.

[30] Doc. 1-1 at 7.

[31] Doc. 31.

[32] *Stone v. Powell*, 428 U.S. 465, 494 (1976) (internal citation omitted).

[33] *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.1982)(internal citation omitted).

[34] Doc. 1-1 at 7.

[35] *Tukes v. Dugger*, 911 F.2d 508 (11th Cir. 1990).

-9-

Case No. 1:11-CV-161
Gwin, J.

the Eleventh Circuit ruled that although the state court had given the petitioner "a full and fair evidentiary hearing" petitioner's Fourth Amendment claim was not fully considered since the trial court failed to make "explicit findings on matters essential to the fourth amendment issue" and only issued a summary affirmance.[36]

However, Coleman's reliance on *Tukes* fails for two reasons.  First, *Tukes* is an Eleventh Circuit decision–one not binding on the Court.  Second, the Sixth Circuit in *Good v. Berghuis* rejected the higher level of scrutiny required by *Tukes* and other courts.[37]  Rather, the Sixth Circuit joined the majority of circuits in recognizing that *Stone v. Powell* only requires an inquiry into the *available* process for a prisoner to adjudicate his claims–not a separate inquiry into the *adequacy* of the process used in a petitioner's state criminal case.[38]  Federal courts should only ask: "Did the state courts permit the defendant to raise the claim or not?"[39]

Here, Coleman had the opportunity to raise his Fourth Amendment claim. Coleman filed a motion to suppress and to return seized property.[40]  The trial court convened a hearing to consider Coleman's motion and the state trial court then overruled it.[41]  Coleman also filed a motion for production of the alleged informant and a motion for a *Franks* hearing.[42]  Although the state trial court's journal entry does not reflect this, the court at the November 20, 2007 hearing impliedly

---

[36]*Id.*
[37]*See Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013).
[38]*Id.* at 639.
[39]*Id.* at 640.
[40]Doc 20-1 at 407.
[41]*Id.* at 484-486.
[42]*Id.* at 474-476.

Case No. 1:11-CV-161
Gwin, J.

denied the motions for production of alleged informant, for a *Franks* hearing, and for the return of

seized property.  Further, Coleman raised this issue on appeal to the Eighth District Ohio Court of

Appeals.  The court of appeals affirmed the trial court.[43]

Thus, the Court concludes that the state courts provided Coleman an available process for

raising his claim, satisfying *Stone*'s "full and fair" opportunity to litigate.[44]

**B.      Ineffective Assistance of Counsel**

As his second and third grounds for relief, Coleman alleges that his counsel, James Willis,

provided ineffective assistance of counsel by failing to properly argue Coleman's Fourth Amendment

violation claim and the denial of confidential informant identity claim.  Specifically, Coleman says

his state appellate counsel should have argued that the failure to disclose the confidential informant's

identity violated his rights under the Confrontation Clause of the United States Constitution.[45]

Coleman objects to Magistrate Judge McHargh's finding that these claims lose.[46]

In order to establish ineffective assistance of counsel, a movant must satisfy the two-pronged

---

[43]*Coleman*, 2009 WL 866896, at *15.

[44]Petitioner Coleman also seems in his objections to the R&R to raise a due process claim. He says "The petitioner does object to the magistrate's "R&R" and relies on the case cited in petitioner's motion to vacate and Constitution of the United State under the Fourteenth and Fifth Constitutional Amendment, mandating a protected right to adequate due process of law, as the prevailing standards." Doc. 31. If this is the case, the Court notes that a petitioner may not amend his petition in an objection to a R&R. *Schilling v. Brunsman*, 2:07-CV-302, 2007 WL 2142983 (S.D. Ohio July 25, 2007). Even if the Court were to consider it, Coleman cannot show that the state court's procedure for litigating his claim violated his due process rights.  Coleman presented evidence before the trial court, received a ruling, and had that determination reviewed by an appellate court.

[45]Doc. 1. Coleman withdrew his fourth ground for relief, that Willis failed to raise the allied offense argument during sentencing. Doc. 6 at 1.

[46]Doc. 31. Coleman says the magistrate failed to examine "the prevailing standards of prejudice under the U.S. Supreme Court Crawford holding."

Case No. 1:11-CV-161
Gwin, J.

test established in *Strickland v. Washington*.[47/]  First, he must show that his attorney's performance

was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth

Amendment."[48/]  Judicial scrutiny of counsel's conduct performance is highly deferential, and courts

employ a "strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance."[49/]  Second, the movant must show that the deficient performance prejudiced

the defense so seriously that it deprived him of a fair trial.[50/]  The movant meets the second prong of

the test only by showing "that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome."[51/]

However, on habeas review of an AEDPA claim, this Court "can only consider [Petitioner's]

challenge within the more limited assessment of whether the state court's application of *Strickland*

to the facts of this case was objectively unreasonable."[52/]

> The pivotal question is whether the state court's application of the *Strickland* standard
> was unreasonable. This is different from asking whether defense counsel's performance
> fell below *Strickland's* standard. Were that the inquiry, the analysis would be no
> different than if, for example, this Court were adjudicating a *Strickland* claim on direct
> review of a criminal conviction in a United States district court. Under AEDPA,
> though, it is a necessary premise that the two questions are different. For purposes of
> § 2254(d)(1), an unreasonable application of federal law is different from an incorrect
> application of federal law. A state court must be granted a deference and latitude that
> are not in operation when the case involves review under the *Strickland* standard

---

[47/] *Strickland v. Washington*, 466 U.S. 668 (1984).

[48/]*Id.* at 687.

[49/]*Id.* at 689.

[50/]*Id.* at 687.

[51/]*Id.* at 694.

[52/]*Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000).

Case No. 1:11-CV-161
Gwin, J.

itself.[53/]

The Eighth District Court of Appeals reviewed Coleman's ineffective assistance of appellate

counsel.[54/]  It held:

> Coleman, through his third and fourth proposed assignments of error, argues that he
> was prejudiced by the failure of trial counsel to obtain the name of the confidential
> informant and to call the confidential informant as a witness. Coleman has not
> demonstrated any prejudice that resulted from the non-disclosure of the confidential
> informant's name. In addition, Coleman has failed to demonstrate that he was
> prejudiced by the inability to "confront" the confidential informant during the course
> of trial. Coleman has once again failed to demonstrate ineffective assistance of
> appellate counsel.[55/]

A review of the Eighth District Ohio Court of Appeals decision reveals the state court properly

applied the two-pronged *Strickland* standard to Coleman's claim of ineffective assistance of counsel.

The appeals court found that Coleman failed to claim sufficient prejudice stemming from Willis'

failure to argue for the identification of a confidential informant.[56/]

Further the Court notes that Petitioner Coleman's rights under *Crawford v. Washington* were

not violated by his inability to confront the confidential informant during the course of the trial.[57/]

*Crawford* prohibits the introduction into evidence testimonial hearsay by an out of court

witness unless the witness is unavailable and the defendant had a prior opportunity to cross-examine

the witness.[58/]  Here the confidential informant's information was not introduced into evidence at trial.

---

[53/]*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (citations omitted).

[54/]*State v. Coleman*, 2009-Ohio-5689, 2009 WL 3478318 (Ohio Ct. App. 2009).

[55/]*Id.* at *3.

[56/]*Id.*

[57/]*Crawford v. Washington*, 541, U.S. 36 (2004).

[58/]*Id.*

-13-

Case No. 1:11-CV-161
Gwin, J.

Thus, the Confrontation Clause was not violated.[59]

For these reasons, Coleman's ineffective assistance of counsel claim fails.

### IV.  Conclusion

For the foregoing reasons, this Court **ADOPTS** the R&R and **DENIES** the Defendant's motion to vacate his sentence under 28 U.S.C. § 2254.  The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.[60]

IT IS SO ORDERED.


Dated: July 21, 2014                          s/          *James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE

---

[59]*See Welsh v. Prelesnik*, 07-10567, 2009 WL 4506431 (E.D. Mich. Nov. 25, 2009).
[60]*See* 28 U.S.C. § 2253(c).

-14-